# EXHIBIT A

# NOTICE TO TRANS UNION RENTAL SCREENING SOLUTIONS, INC.

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

KRIS DEDOMINIC

vs.

TRANSUNION RENTAL SCREENING SOLUTIONS INC

NO. 2018-28816

Case# 2018-28816-2 Docketed at Montgomery County Prothonotary on 12/23/2018 12:17 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## NOTICE TO DEFEND - CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY  BAR ASSOCATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19404-0268

(610) 279-9660, EXTENSION 201

PRIF0034
R 10/11

Case# 2018-28816-2 Docketed at Montgomery County Prothonotary on 12/23/2018 12:17 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA

Kris DeDominic                              :
1726 Locust Street                          :
Norristown, PA 19401                        :
                          Plaintiff         :        2018-28816
                                            :
v.                                          :
TransUnion Rental Screening Solutions, Inc. :
6430 South Fiddlers Green Circle, Suite 500 :
Greenwood Village, CO 80111                 :        Jury Trial Demanded
                          Defendant         :

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the

following pages, you must take action within twenty (20) days after this Complaint and Notice

are served by entering a written appearance personally or by attorney and filing in writing with

the Court your defenses or objections to the g claims set forth against you. You are warned that if

you fail to do so the case may proceed without you and a judgment may be entered against you

by the Court without further notice to you for any money claimed in the Complaint or for any

other claim or relief requested by Plaintiff(s). You may lose money or property or other rights

important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO

NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE

OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP:

LAWYER REFERENCE SERVICE
MONTGOMERY COUNTY BAR ASSOCATION
100 West Airy Street (REAR), NORRISTOWN, PA 19401
(610) 279-9660, EXTENSION 201

Montgomery County Legal Aid Services
625 Swede Street, Norristown, PA 19401
610-275-5400

# EXHIBIT B

# COMPLAINT TO

# TRANS UNION RENTAL
# SCREENING SOLUTIONS, INC.

Case# 2018-28816-2 Docketed at Montgomery County Prothonotary on 12/23/2018 12:17 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA

Kris DeDominic                                     :
1726 Locust Street                                 :
Norristown, PA  19401                              :
                        Plaintiff                  :        2018-28816
                                                   :
v.                                                 :
TransUnion Rental Screening Solutions, Inc.        :
6430 South Fiddlers Green Circle, Suite 500        :
Greenwood Village, CO 80111                        :        Jury Trial Demanded
                        Defendant                  :

## COMPLAINT

1. This is a lawsuit for damages brought by an individual consumer for Defendant(s')
   alleged violations of the Fair Credit Reporting Act (FCRA), and the Fair and Accurate
   Credit Transaction Act (FACTA), 15 U.S.C. 1681, et seq.

2. Plaintiff is Kris DeDominic, an adult individual with a current address of 1726 Locust
   Street, Norristown, PA  19401.

3. Defendant(s) is TransUnion Rental Screening Solutions, Inc., with a business address
   including but not limited to 6430 South Fiddlers Green Circle, Suite 500, Greenwood
   Village, CO 80111.

Case# 2018-28816-2 Docketed at Montgomery County Prothonotary on 12/23/2018 12:17 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**COUNT ONE: Violation of the Fair Credit Reporting Act and the Fair and Accurate
Credit Transactions Act, 15 USC 1681 et. seq.
Failure to Redact First Five Digits of Plaintiff's Social Security Number**

4. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

5. At all times mentioned herein Plaintiff was a consumer as defined by 15 USC 1681.

6. At all times mentioned herein Plaintiff was a person as defined by 15 USC 1681a (c).

7. At all times mentioned herein Plaintiff was an individual as defined by 15 USC 1681a (c).

8. At all times mentioned in this Complaint, Defendant(s) maintained a "file" on Plaintiff as defined by 15 USC 1681(a)(d) et. seq.

9. At all times mentioned in this Complaint, Defendant(s) was acting as a "consumer Reporting Agency" (CRA) as defined by 15 USC 1681a(f) as follows.

Case# 2018-28816-2 Docketed at Montgomery County Prothonotary on 12/23/2018 12:17 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

10. Prior to the commencement of this case, Plaintiff contacted Defendant(s) in writing and requested a copy of the information contained in Plaintiff's consumer file which was maintained by Defendant(s). When Plaintiff requested Plaintiff's file disclosure from Defendant, Plaintiff requested in writing that Defendant(s) redact the first five digits of Plaintiff's consumer disclosure. See attached exhibits.

11. Pursuant to 15 USC 1681g (a)(1)(A), Defendant(s) was / were required to redact the first five digits of Plaintiff' Social Security number on Plaintiff's disclosure because Plaintiff specifically requested Defendant(s) to do so at the time that Plaintiff requested the consumer report from Defendant(s).

12. Defendant was required to redact Plaintiff's Social Security number on the disclosure even though the consumer report was given directly to the consumer, and not intended to be accessed by any third party.

13. Said redaction requirement was part of the Fair and Accurate Credit Transaction Act (FACTA) of 2003.

14. The legislative purpose of such redaction requirement was to protect the consumer's privacy and Social Security Number from third parties and / or dumpster divers who might view the consumer's Social Security Number information on the consumer report.

Case# 2018-28816-2 Docketed at Montgomery County Prothonotary on 10/23/2018 12:17 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

15. Such legislative purpose is also exemplified in 15 USC 1681c(g), which was also part of the FACTA of 2003.  15 USC 1681c (g) requires merchants to redact all but the last 5 digits of a consumers' bank or credit card number on a receipt at the point of sale.  Even the expiration date must be redacted.  This is true even when such receipt is given directly to the consumer, and not intended to be accessed by any third party.

16. The purpose of 15 USC 1681c (g) was to protect consumers from unintended persons who may view or "dumpster dive" for the consumers' credit card or bank transaction receipts.

17. 15 USC 1681c (g) and 15 USC 1681g (a)(1)(A) have similar purposes in their redaction requirements to protect consumers' personal information from third parties who may view or obtain such consumers' personal account or Social Security information.

18. Defendant sent Plaintiff consumer disclosures that did not have the first five digits of Plaintiff's Social Security number redacted.  Plaintiff's full Social Security number was conspicuously printed by Defendant on Plaintiff's consumer.  See attached exhibits.

19. Defendant(s) breached its duty to Plaintiff under 15 USC 1681g (a)(1)(A) by failing to redact the first five digits of Plaintiff's Social Security Number on Plaintiff's consumer disclosure after having been specifically requested in writing by Plaintiff to do so.

Case#: 2018-28816-2 Docketed at Montgomery County Prothonotary on 12/23/2018 12:17 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## LIABILITY

20. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

21. It is believed and averred that the acts committed by Defendant(s'), were willful, wanton, and intentional.

22. Defendant is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant(s).

23. In the alternative, Defendant is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

24. Any mistake made by Defendant would have included a mistake of law.

25. Any mistake made by Defendant would not have been a reasonable or bona fide mistake.

Case# 2018-28816-2 Docketed at Montgomery County Prothonotary on 12/23/2018 12:17 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## JURISDICTION

26. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

27. The previous paragraphs of this Complaint are incorporated by reference.

28. Defendant may be personally served in this jurisdiction because Defendant regularly conducts business in this jurisdiction, and avails itself of the market forces in this jurisdiction.

29. This Court has federal question jurisdiction pursuant to 28 USC 1331-1337 et. seq, if removed to Federal Court, and 15 USC 1681 et. seq.

30. A plaintiff invoking federal jurisdiction under Article III of the U.S. Constitution bears the burden of showing a "concrete injury" or a "concrete harm"  See Spokeo v. Robbins U.S. Supreme Court Opinion of the Honorable Justice Samuel Alito, 13-1119 (2016), quoting Lujan v. Defenders of Wildlife, 504 U. S. 555 (1992).

31. In order to demonstrate a "concrete harm" plaintiff must show that he or she suffered "an invasion of a legally protected interest."

Case# 2018-28816-2 Docketed at Montgomery County Prothonotary on 12/23/2018 12:17 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

32. A "concrete" injury need not be a measurable or "tangible" injury. Although tangible injuries are perhaps easier to recognize, intangible injuries can nevertheless be concrete. See Spokeo v. Robbins U.S. Supreme Court opinion of the Honorable Justice Samuel Alito, 13-1119 (2016), and quoting Pleasant Grove City v. Summum, 555 U. S. 460 (2009). Also see Spokeo v. Robbins U.S. Supreme Court concurring Opinion of the Honorable Justice Clarence Thomas, 13-1119 (2016).

33. To determine if an injury is "concrete," the judgment of Congress is not dispositive, but is instructive. Congress is well positioned to identify intangible harms that meet minimum Article III requirements. The violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact. See Spokeo v. Robbins U.S. Supreme Court opinions of the Honorable Justice Samuel Alito and the Honorable Clarence Thomas, 13-1119 (2016).

34. Congress can create new private causes of action to vindicate private or public rights, and can authorize private plaintiffs to sue based simply on the violation of those private rights. A Plaintiff seeking to vindicate a statutorily created private right need not allege actual harm beyond the invasion of that private right; see Spokeo v. Robbins, 13-1119 (2016), Opinion of the Honorable Justice Clarence Thomas quoting Warth v. Seldin, 422 U. S. 490, 500 (1975) and also quoting Havens Realty Corp. v. Coleman, 455 U. S. 363, 373–374 (1982).

Case# 2018-28816-2 Docketed at Montgomery County Prothonotary on 12/23/2018 12:17 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

35. Congress envisioned the need to provide consumers the tools to research, guard and assist in maintaining their personal data gathered and distributed by consumer reporting agencies such as Defendant(s) in this case.  One of those tools is the ability to safeguard one's personal identity by instructing a consumer reporting agency to redact  the first five digits of the consumers Social Security number on the consumer report, pursuant to 15 USC 1681g et. seq.

36. Even the risk of a harm, not yet manifested can be a "concrete harm."  See Spokeo v. Robbins U.S. Supreme Court opinion of the Honorable Justice Samuel Alito, 13-1119 (2016).  Plaintiff's risk of having his Social Security number compromised is a "concrete harm" as referred to in the Spokeo decision.

37. Plaintiff suffered an actual concrete injury when Defendant repeatedly and willfully refused to redact the first five digits of Plaintiff's Social Security number on Plaintiff's consumer disclosure.

38. Plaintiff regularly and continuously monitors the information in his consumer file maintained by Defendant because Plaintiff believes that it is wise for Plaintiff to do so as a consumer.

39. Plaintiff suffered an actual concrete injury when Defendant willfully refused to redact the first five digits of Plaintiff's Social Security number on Plaintiff's consumer disclosure. Plaintiff's concrete injury includes but is not limited to the following.

Case# 2018-28816-2 Docketed at Montgomery County Prothonotary on 12/23/2018 12:17 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

a.  The harm that Plaintiff suffered is because  Plaintiff must now live in anticipation and apprehension that each time Plaintiff requests Plaintiff consumer disclosure from Defendant, Plaintiff's Social Security number will not be redacted.

b.  Plaintiff lives with such harmful apprehension and anticipation that Defendant will unlawfully about Plaintiff's Social Security number being unlawfully printed because it is a well known fact that Defendant has repeatedly refused to redact the Social Security number of other consumers, totaling at least over half a dozen.

c.  Plaintiff no longer has the freedom to request Plaintiff's consumer disclosure from Defendant without worrying whether Defendant will or will not unlawfully print Plaintiff's full Social Security number on the disclosure.

d.  Plaintiff has suffered a concrete injury or harm because Plaintiff no longer has the freedom to request Plaintiff's consumer disclosure from Defendant without worrying dumpster divers accessing the disclosure.

e.  Plaintiff has suffered a concrete injury or harm because Plaintiff no longer has the freedom to request Plaintiff's consumer disclosure from Defendant without worrying unauthorized third parties accessing the disclosure.

Case# 2018-28816-2 Docketed at Montgomery County Prothonotary on 12/23/2018 12:17 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

40. Plaintiff reasonably believes and avers that Plaintiff will be continually subject to Defendant's unlawful business practices of failing and refusing to properly redact Plaintiff's Social Security number on his consumer disclosure every time he obtains his disclosure.

41. Plaintiff should not be forced to choose between protecting Plaintiff's identity and obtaining his consumer disclosure.

42. Plaintiff has suffered a concrete harm by Defendant's willfully and repeated unlawful business practice of refusing to properly redact Plaintiff's consumer disclosure.

43. A key factor that the Court should apply in determining Defendant's actions to be a "concrete harm" should be the willful nature of Defendant's conduct and Defendant's blatant and flagrant refusal to give Plaintiff a copy of Plaintiff's consumer file.

44. The willfulness of Defendant's violation of the redaction requirement of 15 USC 1681g is exemplified by the fact that Defendant has repeatedly committed similar violations to other consumers, over 19 in the last two years.  Similarly situated consumers requested their disclosures and Defendant refused to redact the consumer disclosures of such similarly situated consumers totaling over 19 in the last two years.

Case# 2018-28816-2 Docketed at Montgomery County Prothonotary on 12/23/2018 12:17 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

45. Defendant's flagrant flaunting of the law of both 15 USC 1681g and 15 USC 1681j was willful and dangerous thus manifesting a "concrete harm" to not only the Plaintiff but other consumers deprived of statutory conferred rights, including the right to receive one's consumer file, the right to dispute information therein and the right to know what rights the consumer had under the FCRA.

46. Defendant's flaunting of the law puts Plaintiff at a continued a repeated risk of identity theft by printing Plaintiff's entire Social Security number on Plaintiff's consumer disclosure which could be mis-delivered, intercepted or seen by unauthorized third parties.

47. No rational interpretation of Article 3 of the U.S. Constitution or the aforementioned Spokeo Decision. would allow for a CRA to withhold pertinent information required under 15 USC 1681a from a consumer, and then simply claim that there was no standing under Article 3.

Case# 2018-28816-2 Docketed at Montgomery County Prothonotary on 12/23/2018 12:17 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## VENUE

48. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

49. The previous paragraphs of this Complaint are incorporated by reference.

50. Venue is proper in this District pursuant to 28 USC 1391(b)(2), if removed to federal Court, because a substantial part of the events or omissions giving rise to this claim occurred in this jurisdiction.

   a.   Plaintiff mailed Plaintiff's requests Plaintiff's consumer disclosures from this jurisdiction.  Therefore a substantial portion of the events or omissions leading up to this cause of action occurred in this jurisdiction.

   b.   Defendant mailed the objectionable consumer disclosures with Plaintiff's full Social Security number improperly printed to this jurisdiction.  Therefore a substantial portion of the events or omissions leading up to this cause of action occurred in this jurisdiction.

   c.   A substantial amount of the information contained in Plaintiff's consumer file and on Plaintiff's consumer disclosure pertained to this jurisdiction. Therefore a substantial portion of the events or omissions leading up to this cause of action occurred in this jurisdiction.

Case# 2018-28816-2 Docketed at Montgomery County Prothonotary on 12/23/2018 12:17 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

d.   A substantial amount of the information contained in Plaintiff's consumer file and on Plaintiff's consumer disclosure was compiled in this jurisdiction. Therefore a substantial portion of the events or omissions leading up to this cause of action occurred in this jurisdiction.

e.   Plaintiff's attorney's fees in this fee shifting case, pursuant to 15 USC 1681n, occurred in this jurisdiction.  Therefore a substantial portion of the events giving rise  this cause of action occurred in this jurisdiction.

f.   Plaintiff's suffered frustration and emotional distress which is recoverable pursuant to 15 USC 1681n as a result of Defendant's omissions.  Therefore a substantial portion of the omissions giving rise this cause of action occurred in this jurisdiction.

Case# 2018-28816-2 Docketed at Montgomery County Prothonotary on 12/23/2018 12:17 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

51. Venue is proper in this jurisdiction because key witnesses involved in the case are located at or near this jurisdiction. Such witnesses including but not limited to the following.

    a.    Plaintiff.

    b.    Similarly situated consumers in this jurisdiction whose rights were also violated by Defendant in a similar manner when such consumers requested information from Defendant about who had received their consumer reports, and Defendant also denied such consumers requests. Such witnesses' testimonies are relevant to show willful conduct by Defendant.

Case# 2018-28816-2 Docketed at Montgomery County Prothonotary on 12/23/2018 12:17 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## DAMAGES

52. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

53. Plaintiff believes and avers that Plaintiff is entitled to at least $1.00 actual damages for Plaintiff, including but not limited to phone, fax, stationary, postage, etc.

54. Plaintiff believes and avers that Plaintiff is entitled to $1,000.00 statutory damages pursuant to 15 USC 1681 et. seq..

55. Plaintiff believes and avers that Defendant's conduct was willful, wanton, and intentional, and therefore Plaintiff requests punitive damages.

56. Plaintiff believes and avers that punitive damages are warranted due to the willful and wanton nature of the violation as evidenced by the following.

   a.   Plaintiff's request letters specifically asked that Plaintiff's Social Security number be redacted, the request letters were in 14 point bold font.

   b.   Numerous other similarly situated consumers, totaling more than 10, were also subject to similar misconduct by Defendant.  Their un-redacted Social

Case# 2018-28816-2 Docketed at Montgomery County Prothonotary on 12/23/2018 12:17 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Security numbers were also illegally printed by Defendant(s) in the same manner and under similar circumstances as with Plaintiff.

    c.    Plaintiff requested that Plaintiff's Social Security number be redacted on separate occasions, and Plaintiff's full Social Security number was subsequently unlawfully printed by Defendant on four occasions listed above.

    d.    Upon information and belief, at all relevant times mentioned in this Complaint Defendant had no policy in effect to redact the first five digits of Social Security number of consumers when asked by the consumers.

57. Plaintiff requests Punitive damages in an amount to be determined by this Honorable Court.

58. For purposes of a default judgment, Plaintiff believes and avers that the amount of such punitive damages should be no less than $9,000 because Defendant(s') actions have the effect of potentially compromising the integrity and security of Plaintiff's personal information.

Case# 2018-28816-2 Docketed at Montgomery County Prothonotary on 12/23/2018 12:17 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## ATTORNEY FEES

59. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

60. Plaintiff is entitled to attorney fees pursuant to 15 USC 1681 et. seq., in the amount of $2,750.00 at a rate of $350.00 per hour, enumerated below.

| | | |
|---|---|---|
| a. | Consultation with client and review of complaint | 1 |
| b. | Drafting, editing, review, filing and service of complaint | 2 |
| c. | Follow up contact with Defense and client | 2 |

$$5 \times \$350 = \$1.750$$

61. Plaintiff's attorney fees continue to accrue as the case move forward.

62. The above stated attorney fees are for prosecuting this matter and reasonable follow up.

Case# 2018-28816-2 Docketed at Montgomery County Prothonotary on 12/23/2018 12:17 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## OTHER RELIEF

63. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

64. Plaintiff demands a jury trial in this matter

65. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

Case# 2018-28816-2 Docketed at Montgomery County Prothonotary on 12/23/2018 12:17 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Wherefore, Plaintiff demands judgment against Defendant in the amount of no less  than

$11,751.00 as enumerated below, or such other amount determined by this Honorable Court.

$1.00 more or less actual damages.

$1,000.00 statutory damages pursuant to 15 USC 1692k et. seq.

$1,750.00 attorney fees

$9,000 punitive damages

_____
       $11,751.00

Plaintiff seeks such additional relief as the Court deems just and proper.

/s/ Vicki Piontek                           12-23-18
_____        _____
Vicki Piontek, Esquire               Date
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617
Fax: 866-408-6735
palaw@justice.com

Case# 2018-28816-2 Docketed at Montgomery County Prothonotary on 12/23/2018 12:17 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA

Kris DeDominic                  :
1726 Locust Street            :
Norristown, PA  19401         :
                   Plaintiff      :
                               :
v.                                 :
TransUnion Rental Screening Solutions, Inc.   :
6430 South Fiddlers Green Circle, Suite 500    :
Greenwood Village, CO 80111         :     Jury Trial Demanded
               Defendant(s)   :

### Verification

I, Kris, Dedominic, have reviewed the attached complaint.  The facts stated therein are true and

correct to the best of my knowledge, understanding and belief.

_____      _10-16-18_

Kris DeDominic             Date

# EXHIBITS

Case# 2018-28816-2 Docketed at Montgomery County Prothonotary on 12/23/2018 12:17 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2018-28816-2 Docketed at Montgomery County Prothonotary on 12/23/2018 12:17 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Kris DeDominic
1726 Locust Street
Norristown, PA 19401
215-███████

TransUnion Rental Screening Solutions, Inc.
6430 South Fiddlers Green Circle, Suite 500
Greenwood Village, CO 80111

Re: Kris DeDominic      SSN ███████        DOB ███████

To Whom it May Concern:

I would like to request a copy of my consumer report. I would like all information contained in my file.

Please provide the name, addresses and telephone number of all persons or entities to whom you provided a copy of my consumer report in the last 365 days.

Please redact the first five digits of my Social Security number on my consumer disclosure. Please do not print the first five digits of my Social Security number on my consumer disclosure.

Enclosed please find a copy of my photo ID.

Thank you.

_Kris DeDominic_          1-10-18
Kris DeDominic          Date

Case# 2018-28816-2 Docketed at Montgomery County Prothonotary on 12/23/2018 12:17 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

TransUnion Background Data SolutionsRapsheet Detail                    https://tds.transunion.com/Members/AppResults/RapSheetsSelecte...

Return to Application Summary        Return to AE Results Summary

**Criminal Report - Detailed Results**

Requested By:      Irma Sanchez
Date/Time Requested:  2/28/2018 1:33:48 PM

Applicant Information Submitted

Name:              Kristin DeDominic
Date of Birth:     10/8/1986
SSN:               
Address:           1726 Locust
                   St,Norristown,PA,19401

*Full SSN Printed*

**KRISTIN DEDOMINIC**

Dataset  PA AOC traffic disposition citation 2
Last Updated Date  2016-02-18

DOB         Age        SSN  N/A
Residence  N/A

**Aliases**
No aliases found

**Physical Features**

Physical Details
Sex  M                          Race  White

Person Physical Features
No physical features listed

**Summary**

| | | |
|---|---|---|
| Incident(s)  0 | Booking(s)  0 | |
| Arrest(s)  0 | Court Action(s)  1 | Sentencing(s)  0 |
| Supervision(s)  0 | | |

**Comments**
The data or information provided is based upon information received by the Administrative Office of Pennsylvania Courts ("AOPC"). AOPC makes no representation as to the accuracy, completeness or utility, for any general or specific purpose, of the information provided and as such, assumes no liability for inaccurate or delayed data, errors or omissions. Use of this information is at your own risk. AOPC makes no representations regarding the identity of any persons whose names appear in the records. User should verify that the information is accurate and current by personally consulting the official record reposing in the court wherein the record is maintained. Electronic case record information received from the Commonwealth of Pennsylvania is not an official case record; official case records are maintained by the court in which the record was filed.

**Court Action**
Activity Type:

Court Record ID
Id

**Court**
Organization Jurisdiction
Jurisdiction Description:

**Court Charge**
Effective Date
Charge Sequence ID
Id  1
Charge Description
Charge Classification

2 of 7                                                    2/28/2018, 1:41 PM